

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00227-CR

**ANTHONY WAYNE NEAL,**

                                              **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                              **Appellee**

---

**From the 77th District Court**
**Freestone County, Texas**
**Trial Court No. 14-138-CR**

---

# ORDER

---

Anthony Wayne Neal was charged with the felony offense of driving while intoxicated.  *See* TEX. PENAL CODE ANN. § 49.09(b) (West 2011).  Neal stipulated to two prior driving while intoxicated convictions.  After a jury found Neal guilty, Neal and the State entered into an agreement as to punishment, and Neal asked the Court to assess punishment at 30 years in prison.  As a part of that agreement, Neal waived his right to appeal and signed a written waiver.  Nevertheless, Neal appealed the trial court's

judgment signed on June 9, 2016. We dismissed his appeal because the certificate of right of appeal, which Neal signed, indicated that: 1) the criminal case was a plea bargain case and Neal has no right to appeal, and 2) Neal waived his right to appeal. Neal now complains in a motion for rehearing that there was no plea bargain and that his case was heard before a jury which returned a guilty verdict.

Each time it enters a judgment of guilt or other appealable order, the trial court is required to enter a certification of the defendant's right of appeal. TEX. R. APP. P. 25.2(a)(2). The form certification of right of appeal has five boxes a trial court could choose from to check. Two of those that were checked in this case had the following language:

…is a plea-bargain case, and the defendant has NO right of appeal.

…the defendant has waived the right of appeal.

The form does not have a check box that exactly matches the facts of this case; but the boxes as checked most nearly match. While the "plea-bargain" was not as to guilt/ innocence, there was a bargain struck between Neal and the State as to punishment. As a part of that bargain, there was an extensive waiver that discussed the procedural history of the case through the point at which it stood post jury verdict of guilt but before the jury deliberated on punishment, the various rights Neal had to appeal and for appointed counsel, and concluded with his express waiver of those rights, including his right to

appeal. The certificate of right of appeal and the waiver were signed by Neal and his attorney.

Under the facts and procedural posture of the case, the certificate of right of appeal is erroneous as it relates to a plea bargain. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). However, even if the box reflecting it was a "plea" bargain should not have been checked, the error is harmless because the box indicating Neal waived his right to appeal was properly checked and therefore requires dismissal of the appeal. *See Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

Accordingly, Neal's motion for rehearing is denied.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Motion denied
Order issued and filed August 10, 2016

